Minute Order Form   (rev. 12/90)

## UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF ILLINOIS

| Name of Assigned Judge or Magistrate Judge | ROBERT W. GETTLEMAN | Sitting Judge if Other Than Assigned Judge | |
|---|---|---|---|
| Case Number | 99 C 2708 | Date | February 9, 2001 |
| Case Title | Evelyn Shelton  v  Northwestern Memorial Hospital | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd-party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [use listing in "MOTION" box above]
(2) ☐ Brief in support of motion due _____
(3) ☐ Answer brief to motion due _____ Reply to answer brief due _____
(4) ☐ Ruling/Hearing on _____ set for _____ at _____
(5) ☑ Status hearing ☐ held ☐ continued to ☑ set for ☐ re-set for 2/23/01 at 9:00
(6) ☐ Pretrial conf. ☐ held ☐ continued to ☐ set for ☐ re-set for _____ at _____
(7) ☐ Trial ☐ Set for ☐ re-set for _____ at _____
(8) ☐ ☐ Bench Trial ☐ Jury Trial ☐ Hearing held and continued to _____ at _____
(9) ☐ This case is dismissed ☐ without ☐ with prejudice and without costs ☐ by agreement ☐ pursuant to
☐ FRCP 4(j) (failure to serve) ☐ General Rule 21 (want of prosecution) ☐ FRCP 41(a)(1) ☐ FRCP 41(a)(2)

(10) ☑ [Other docket entry] Memorandum opinion and order entered. Accordingly, defendant's motion for summary judgment is denied.

(11) ☑ [For further detail see] ☐ order on the reverse of ☑ order attached to the original minute order form.]

| | | | | |
|---|---|---|---|---|
| ☐ | No notices required, advised in open court. | | number of notices | |
| ☐ | No notices required. | | | |
| ☑ | Notices mailed by judge's staff. | | date docketed FEB 12 2001 | Document # |
| ☐ | Notified counsel by telephone. | 01 FEB -9 PM 2:48 | | |
| ☐ | Docketing to mail notices. | | docketing dpty. initials  MW | 28 |
| ☐ | Mail AO 450 form. | | date mailed notice | |
| ☐ | Copy to judge/magistrate Judge. | | | |
| | courtroom deputy's Initials | Date/time received in central Clerk's Office | mailing dpty. initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EVELYN SHELTON,<br><br>Plaintiff,<br><br>v.<br><br>NORTHWESTERN MEMORIAL HOSPITAL,<br><br>Defendant. | No. 99 C 2708<br><br>Judge Robert W. Gettleman |

DOCKETED
FEB 1 2 2001

## MEMORANDUM OPINION AND ORDER

Plaintiff, Evelyn Shelton, has filed a complaint alleging that defendant, Northwestern Memorial Hospital, discriminated against her based on her race by promoting Zachary Young ("Young") for the position of Off-Shift Support Services Manager ("Manager") rather than plaintiff.[1] Defendant has filed a motion for summary judgment. For the following reasons, that motion is denied.

## FACTS

Plaintiff worked for defendant from 1979 to 1997 (save a brief absence during which she attended college). During those 18 years, plaintiff held the positions of Tray Attendant, Production Assistant, Cashier, Interviewer for Admitting and Financial Services, and Patient Representative. In 1997, plaintiff applied for the Manager position, which was advertised with a job posting and position summary. The job posting stated that the requirements for the Manager

---

[1] Plaintiff's complaint also alleged that defendant discriminated against her based on her sex. Because plaintiff admitted in her deposition testimony that defendant did not discriminate against her based on her sex, the court grants defendant's motion for summary judgment on that count.

1

position were:

> Five or more years experience in hospital management. BA/BS degree[/]preferably MA/MS. Demonstrated experience and comfort in working with all levels of management and staff. Demonstrated problem solving skills. Proven communication/relationship-building skills. Familiarity with computer and basic software packages.

The Manager position summary stated:

> The [Manager] is responsible for directing the operation of all support service processes and functions and managing all situations that require immediate problem solving/decision-making for all Support Services operational and human resources issues during an assigned off-shift. The Manager acts as an extension of each support service key manager during the off shift in the management of functions, processes, personnel and customers. The [Manager] works closely with the Off-Shift Administrator on duty to assure smooth patient flow and bed control and excellent support to the care giver and patients during the off-shifts. The role of the [Manager] is to ensure that appropriate levels of service and staff response are provided to patients and caregivers during the off-shifts.

At the time plaintiff applied for the Manager position, she had a Bachelor of Arts degree and was working toward her Masters Degree in Health Services Administration (which she has since earned). Plaintiff had been a Patient Representative for defendant since 1991. In that position, plaintiff's duties included responding to complaints by patients about issues related to medical care, housekeeping, and other grievances. After receiving a complaint from a patient, plaintiff would conduct an investigation and involve as many parties at the hospital as necessary to solve the problem. Plaintiff's position as a Patient Representative was similar to the Manager position in that each position required an individual with knowledge of the hospital, its policies, procedures, and protocols, as well as the ability to think independently, and to solve problems.

Young also applied for the Manager position and, along with plaintiff, was one of four "minimally qualified" finalists who were interviewed for the position. Young had a Bachelor of

2

Science degree but had no plans to pursue a Master's degree. Young had worked for defendant for less than three years as a Safety Officer, where he spent his time inspecting defendant's facilities, monitoring compliance with safety standards, and responding to safety emergencies.

Once the four finalists were chosen, each was interviewed separately by four managers and Jean Pryzbylek ("Pryzbylek"), Vice President of Support Services, who made the final hiring decision. Following the interviews, each interviewer ranked each applicant from most qualified to least qualified and presented feedback and a recommendation to Pryzbylek. Overall, the interviewers ranked Young higher than plaintiff.

Prior to deciding which employee to promote to Manager, Pryzbylek received an unsolicited e-mail from Cindy Barnard ("Barnard"), supervisor to both plaintiff and Young. In the message, Barnard compared the strengths and weaknesses of both plaintiff and Young. As part of plaintiff's "weaknesses/areas for development," Barnard wrote that plaintiff, "[c]an be somewhat cynical about [Northwestern Memorial Hospital] and is concerned about race relations in particular; has seen chronic problems go on unaddressed for years and faces this candidly."

Thereafter, Pryzbylek hired Young rather than plaintiff. Pryzbylek admits that after informing plaintiff that Young was promoted, she may have told plaintiff that she interviewed well.

## SUMMARY JUDGMENT STANDARD

A movant is entitled to summary judgment under Rule 56 when the moving papers and affidavits show there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Unterreiner v. Volkswagen of America, Inc., 8 F.3d 1206, 1209 (7th Cir. 1993). Once a moving

3

party has met its burden, the nonmoving party must go beyond the pleadings and set forth specific facts showing there is a genuine issue for trial. See Fed. R. Civ. P. 56(e); Becker v. Tenenbaum-Hill Assoc., Inc., 914 F.2d 107, 110 (7th Cir. 1990). The court considers the record as a whole and draws all reasonable inferences in the light most favorable to the party opposing the motion. See Fisher v. Transco Services-Milwaukee, Inc., 979 F.2d 1239, 1242 (7th Cir. 1992).

A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Stewart v. McGinnis, 5 F.3d 1031, 1033 (7th Cir. 1993). This standard is applied with added rigor in employment discrimination cases, where issues of intent and credibility often dominate. See Sarsha v. Sears, Roebuck & Co., 3 F.3d 1035, 1038 (7th Cir. 1993). However, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). "The mere existence of a scintilla of evidence in support of the [nonmoving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmoving party]." Anderson, 477 U.S. at 252.

## DISCUSSION

Because plaintiff has not offered direct evidence of discrimination in responding to this motion, the court focuses entirely on the burden-shifting requirements for Title VII cases set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). Under the burden-shifting approach, the plaintiff must establish a *prima facie* case by a preponderance of the evidence. See St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 505 (1993). The plaintiff's success in establishing

4

a *prima facie* case creates a rebuttable presumption of discrimination, causing the burden to shift to the defendant to articulate a legitimate, nondiscriminatory reason for the employment decision. See Anderson v. Baxter Healthcare Corp., 13 F.3d 1120, 1122 (7th Cir. 1994). If the defendant meets this burden, the presumption of discrimination dissolves, and the burden shifts back to the plaintiff to prove that the defendant's proffered reasons are a pretext for age discrimination. Id. At all times, the plaintiff bears the ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against her. See Hughes v. Brown, 20 F.3d 745, 747 (7th Cir. 1994).

## I. Plaintiff's *prima facie* case

To establish her *prima facie* case, plaintiff must demonstrate that: (1) she is a member of a protected group; (2) she applied for and was qualified for the position sought; (3) she was rejected for the position; and (4) the individual promoted had similar or lesser qualifications for the job, or, in other words, was not more qualified than she. Sample v. Aldi Inc., 61 F.3d 544, 548 (7th Cir. 1995). Defendant concedes that plaintiff is a member of a protected class (plaintiff is African-American), that she applied for and was "at least minimally qualified" for the position; and that Young (who is Caucasian) was hired for the position. Defendant takes issue, however, with plaintiff's assertion that Young had similar or lesser qualifications for the Manager position. Defendant's argument on this point states, in total, that "[p]laintiff lacked the inter-personal skills and other qualifications, including safety training and experience, possessed by . . . Young." Because defendant did not elaborate further, and because these same assertions form defendant's proffered non-discriminatory reasons for promoting Young over plaintiff, the court will address them below.

5

## II. Defendant's non-discriminatory reasons for not promoting plaintiff

Defendant's non-discriminatory reasons for not promoting plaintiff to the Manager position are: (1) Young had better interpersonal skills than plaintiff; (2) Young had demonstrated ability and experience in diffusing emergency situations and facilitating solutions to interdepartmental conflicts; and (3) Young had specific safety control experience. Thus, defendant's proffer dissolves the presumption that it discriminated against plaintiff, shifting the burden back to plaintiff to prove that defendant's proffered reasons are a pretext for race discrimination. See Anderson, 13 F.3d at 1122.

## III. Plaintiff's evidence of pretext for race discrimination

Plaintiff, citing Reeves v. Sanderson Plumbing Prods., 120 S. Ct. 2097, 2109 (2000), and Courtney v. Biosound, Inc., 42 F.3d 414, 421 (7th Cir. 1994), attempts to show that each of the reasons proffered by defendant are pretextual because they are false or were not included in the advertised job posting or position summary. The court will address each of plaintiff's arguments in turn.

### A. Young had better interpersonal skills than plaintiff

Defendant's first reason for promoting Young over plaintiff is because Young had "better inter-personal skills" than plaintiff. As support for this assertion, defendant refers to plaintiff's performance in the five interviews. Plaintiff argues that this reason is false because out of the five individuals with whom she interviewed, only Pryzbylek testified that plaintiff interviewed poorly. The other interviewers either testified that she had interviewed well or did not recall that she had interviewed poorly. Further, Pryzbylek testified that she called plaintiff after deciding to promote Young and might have told plaintiff she had interviewed well (as plaintiff recalls).

Also, the accounts of plaintiff and Pryzbylek regarding what happened during their interview were quite different. Thus, the court finds that a reasonable jury could conclude that defendant's first reason for not promoting plaintiff, that Young had better interpersonal skills than plaintiff, is unworthy of belief and therefore pretextual pursuant to Reeves.

### B. Young's demonstrated ability and experience in diffusing emergency situations and facilitating solutions to interdepartmental conflicts.

Defendant's next reason for not promoting plaintiff to Manager is that Young had experience diffusing emergency situations. To support this, defendant relies on the testimony of Pryzbylek, who recounted witnessing Young perform "an evacuation of the hospital" or "of one of the departments." (Pryzbylek's testimony changed half-way through her deposition.) In response, plaintiff offers evidence that could lead a reasonable jury to conclude that Pryzbylek's testimony is false. Plaintiff points to the testimony of Cindy Barnard ("Barnard"), the supervisor of both Young and plaintiff, who said that although she would ordinarily know if such an evacuation (of a department or of the entire hospital) occurred, she could not recall Young performing any such evacuation. Plaintiff also argues that she too had experience diffusing emergency situations in her position as Patient Representative. Thus, the court finds that a reasonable jury could conclude that Pryzbylek never witnessed Young evacuate the hospital and that defendant's second reason for not promoting plaintiff, that Young had experience diffusing emergency situations, is pretextual.

Defendant also argues that Young had more experience diffusing inter-departmental conflicts than plaintiff. In response, plaintiff notes that Young's former position of Safety Officer did not require Young to diffuse inter-departmental conflicts or coordinate staff members

7

from all departments of the hospital. In contrast, plaintiff claims that her former position of Patient Representative (which she held twice as long as Young held the position of Safety Officer) *did* require her to diffuse inter-departmental conflicts and *did* require her to coordinate staff from all over the hospital. Therefore, the court finds that a reasonable jury could conclude that Young has objectively less experience in diffusing inter-departmental conflicts than plaintiff, making defendant's reason for not promoting plaintiff false and therefore pretextual under Reeves.

### C. Young's specific safety control experience

Defendant's fourth reason for not promoting plaintiff is that Young had specific technical safety control experience that Pryzbylek now claims is an important part of the Manager position. Neither the Manager job posting nor summary, however, mentioned the importance of technical safety experience. The court finds this fact sufficient to establish evidence of pretext. See Courtney, 42 F.3d at 421 (finding that the defendant's claim that it placed a high premium on a particular trait that was not included in the job description could lead a reasonable jury to conclude that the claim was a pretext for discrimination). This conclusion is bolstered by the deposition testimony of Ilene Brown ("Brown") that she asked Pryzbylek what qualifications were necessary for the Manager position and was told only that "support services" experience (which was included in the job listing and description) was necessary. Defendant argues in response that "safety" is part of support services; however, that argument is negated by the fact that "food service" (an area in which plaintiff worked for 8 years prior to becoming a patient representative) is also included in support services. Thus, a reasonable jury could conclude that because the purported need for technical safety experience was not included in either the job

8

posting or description, and because plaintiff's experience in support services (which was included in the job posting and description) exceeded that of Young, defendant's fourth reason for not promoting plaintiff is pretextual.

### D. Additional Evidence of Pretext

The court notes an additional fact that it finds supportive of plaintiff's pretext arguments. As described previously, Pryzbylek, prior to promoting Young over plaintiff in the Manager position, received an e-mail from Barnard comparing the strengths and weaknesses of both plaintiff and Young. As part of plaintiff's "weaknesses/areas for development," Barnard wrote that plaintiff, "[c]an be somewhat cynical about [Northwestern Memorial Hospital] and is concerned about race relations in particular; has seen chronic problems go on unaddressed for years and faces this candidly." This, taken with plaintiff's responses to each of defendant's proffered reasons for promoting Young to the Manager position over plaintiff, could lead a reasonable jury to conclude that plaintiff was, in fact, passed up for the promotion because of her race.

## CONCLUSION

For the foregoing reasons, the court finds that there are contested issues of material fact relating to pretext and that plaintiff has met her burden of proving her *prima facie* case. Accordingly, the court denies defendant's motion for summary judgment. This matter is set for a status report on February 23, 2001, at 9:00a.m.

**ENTER: February 9, 2001**

Robert W. Gettleman
United States District Judge

9